IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM LEE FLEEGER,<br><br>   Plaintiff,<br><br> -vs-<br><br>NANCY A. BERRYHILL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil Action No. 16-1844 |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

## **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for child's insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since January 23, 2007. (ECF No. 7-7, pp. 2, 8, 12 and 21). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on October 15, 2014. (ECF No. 7-3). Additional evidence was obtained after the hearing. On June 8, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, 14-28).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). The issues are now ripe for review.

II. **LEGAL ANALYSIS**

   A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Residual Functional Capacity ("RFC ") [2]

Plaintiff argues that the ALJ improperly determined his RFC.[3] (ECF No. 12, pp. 12-19). Specifically, Plaintiff takes issue with the weighing of the opinion evidence. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3]The ALJ found that Plaintiff has the RFC to perform medium work but with certain limitations. (ECF No. 7-2, pp. 19-26).

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot

4

reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff first submits that "clearly no substantial evidence indicat[es] that Plaintiff can perform the physical requirements" of the RFC as it relates to Plaintiff's eye impairments. (ECF No. 12, p. 13). To that end, Plaintiff specifically argues that the ALJ erred in giving little weight to the opinion of his treating eye doctor, Dr. Paul B. Freeman, D.O., while giving great weight to the opinion of Jeffrey A. Horwitz, M.D, a medical expert. (ECF No. 12, pp. 12-19). After a review of the record, I disagree.

An ALJ is not required to accept the treating physician's opinion uncritically. Rather, the ALJ must weigh all of the evidence of the record as set forth above. In this case, that is exactly what the ALJ did. (ECF No. 7-2, pp. 14-28). He reviewed in detail all of the evidence and then properly assigned weight to the opinion evidence. For example, the ALJ went through the opinions explaining how Dr. Freeman's opinions were inconsistent with the longitudinal record and other non-medical evidence of record and how Dr. Horwitz's opinion was consistent with the medical and non-medical evidence of record. (ECF No. 7-2, pp. 14-28). Consistency/inconsistency is a valid and acceptable reason for weighing opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). While there may be evidence that supports the position of Plaintiff, which he points out, the standard of review is not whether there is evidence to support Plaintiff's position. The standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

Plaintiff seems to suggests that somehow it was improper for the ALJ to consider and/or rely on evidence prior to October 23, 2012. (ECF No. 12, p. 17). I find no merit to this suggestion since Plaintiff alleges that his disability began on January 23, 2007. (ECF No. 7-7, pp. 2, 8, 12 and 21). Therefore, the ALJ was required to consider evidence prior to October 23, 2012. As a result, I find the ALJ properly considered all evidence submitted both prior to and after October 12, 2012.

Furthermore, I find there is substantial evidence of record to support the ALJ's weighing of said opinion evidence. (ECF No. 7-2, pp. 14-28). Consequently, I find no error in this regard and remand is not warranted on this basis.[4]

### C. **Subsequent Decision**

Plaintiff's final argument is that the ALJ's decision should be reversed or, in the alternative, remanded, based on a subsequent application by Plaintiff that resulted in a determination of disability under the Act. (ECF No. 12, pp. 19-20). The subsequent determination relates to a different time period and is based on evidence that was not before this ALJ. Therefore, Plaintiff is presumably seeking a remand based on Sentence Six of 42 U.S.C. §405(g).

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak*, 745 F.2d at 833. "An implicit materiality requirement is that the new evidence relate to the time

---

[4] In footnote 5, Plaintiff argues that the "Appeals Council also erred when it ignored the report of Dr. Paviglianiti dated August 7, 2015…." (ECF No. 12, p. 18, n.5). As discussed, *supra,* the instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge*, 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976). "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), citing, Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. Id.; 42 U.S.C. §405(g).

  The ALJ's decision in this case was dated June 8, 2015. (ECF No. 7-2, p. 28). Therefore, Dr. Pavigilaniti's August 7, 2015 post dates the ALJ's decision. Thus, it cannot serve as a basis for remand unless the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ, as the Appeals Council appropriately pointed out to Plaintiff. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak*, 745 F.2d at 833. In this case, Plaintiff has not made any such arguments. As a result, I cannot consider the post-decision evidence.

period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir. 1984), *citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). Simply because a document is about a plaintiff's physical/mental condition does not mean it relates to the time period for which benefits were denied.

In this case, the subsequent SSA decision was based on a completely different and later time period. Plaintiff does not dispute that. It does not relate back to the period before the ALJ's decision. Based on the same, I find that the evidence does not relate to the time period that was at issue before the ALJ. Thus, the subsequent determination does not meet the materiality requirement. As a result, I find that Plaintiff has failed to satisfy the requirements for remand under Sentence Six of §405(g). Consequently, reversal/remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM LEE FLEEGER,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　　)　　Civil Action No. 16-1844
　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[5]　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 21st day of February, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.